The HONORABLE ' ROBERT S. KELLER, District Judge
(concurring in part).
I concur in the results, but solely on the basis of estoppel, and a different estoppel than that relied upon in the majority opinion. When Kenneth and Gary Edwards, as owners of 99.9 *318 per cent of the stock of the corporation, and constituting two-thirds of the board of directors, entered into a contract for the corporation, they are bound under principles of estoppel to affirm the contract, 19 C.J.S. Corporations § 1012, p. 485. This court held similarly, without referring to estoppel, in Bentall v. Koenig Brothers, Inc., (1962), 140 Mont. 339, 372 P.2d 91, 94: “In the instant case, the defendant corporation’s Articles of Incorporation provided for three members to act as directors of the corporation. At the time of the execution of the note in question, R. W. Brenneke, Alvin F. Koenig, and Arne Poulsen were its directors. It is undisputed that Alvin Koenig and Arne Poulsen authorized the execution of the note in question. They constituted a quorum and their action, which was not contrary to law nor contrary to the articles of incorporation of by-laws of the defendant corporation, was binding on the defendant corporation.”
The point of the dissent is well made, and for that reason, I am not willing to rely upon apparent or ostensible authority (which, in turn, is dependent upon the instant transaction being in the usual or ordinary course of business).
At the same time, I am not satisfied that corporate officers are liable individually for acts done as corporate officers, even though without authority, absent fraud, i.e., to uphold the trial court would be to dismiss thé corporation from this action, leaving the two defendants individually, and they may well not be liable, having acted as corporate officers.
I concur in the majority opinion’s conclusion that the publication of the lis pendens was privileged and not subject to a slander of title action.